# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM and STACY SHIPP,<br><br>                Plaintiffs,<br><br>  v.<br><br>DONNA DONAHER, et al.,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 09-2475 |

**MEMORANDUM/ORDER**

On March 25, 2010, this court issued an opinion and order granting the motions to dismiss filed by (1) defendants PNC Bank, N.A. and James Rohr, and (2) defendants Tucker Arensberg, P.C. and Donna Donaher, and dismissing plaintiffs' complaint. Plaintiffs William and Stacy Shipp now move for reconsideration and for what is, in essence, a one-hour evidentiary hearing (docket no. 29). Defendants have filed oppositions to the motion (docket nos. 30 and 31), and plaintiffs have filed a reply brief (docket no. 32).[1]

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, reconsideration is appropriate if the moving party

---

[1] Pursuant to Local Rule 7.1(c), reply briefs may only be filed with leave of court, and plaintiffs have not moved for leave to file their reply. Plaintiffs will nevertheless be given leave to file the reply brief.

1

shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Where errors of law or fact are alleged, factual or legal issues may be reconsidered if they were "overlooked by the court in its decision," but "[a] motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have [been] fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (internal quotation marks omitted).

In their opening brief in support of the motion for reconsideration, plaintiffs simply argue that defendants have deprived them of their due process rights and seek both reconsideration and a hearing on the basis of *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950). Plaintiffs' *Mullane* argument, however, does not present a proper basis for reconsideration. This court dismissed plaintiffs' due process claim – and the rest of the federal constitutional claims in the complaint – on the ground that the complaint failed to allege state action. The only potentially relevant portions of plaintiffs' opening brief, however, do no more than (1) make the bare assertion that certain defendants were state actors, and (2) argue that *Mullane* involved a state action. Plaintiffs' belief that defendants are state actors, however, is both unsupported and repetitive of previously

2

advanced arguments, and whether or not *Mullane* involved state action is not relevant to this court's earlier holdings. As a result, nothing in plaintiffs' opening brief warrants reconsideration or a hearing.

Unlike their opening brief, plaintiffs' reply brief includes several arguments that question elements of this court's analysis. First, plaintiffs essentially argue that the Third Circuit's decision in *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1265 (3d Cir. 1994), as read by this court to preclude a finding that the defendants acted as state actors, would "overrule" the Supreme Court's prior decision in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Pls.' Reply at 6. As applied by this court, however, *Jordan* did not overrule *Lugar* but distinguishes it: *Lugar* involved attachment procedures that, per the Supreme Court, resulted in a deprivation of property, *see id.* at 942, and in *Jordan*, the Third Circuit's holding was that a confession of judgment "involves no immediate deprivation of property under force of law," 20 F.3d at 1266 n.17. That conclusion applies directly to the state-court procedures challenged by plaintiffs here.

Second, plaintiffs contend that *Jordan* is distinguishable because the relevant state rules of civil procedure have since been altered. *See* Pls.' Reply at 7. This court's March 25 opinion recognized those changes but concluded that they are "not relevant to the core procedures held by *Jordan* to be relevant to defendants' status as state or private actors." Docket No. 26, at 12 n.9. Plaintiffs' unsupported assertion that "[r]eading the rules without differentiating between pre-and post-*Jordan* law leads to anomalous outcomes,"

3

Reply at 7, presents no reason to reconsider that conclusion. In particular, plaintiffs do not suggest that the Pennsylvania rule changes altered the effects of a confessed judgment such that the relevant holding in *Jordan* no longer applies.

Third, plaintiffs argue that *Jordan* "involved a third party bank," *id.*, even though this court characterized *Jordan* as "not concern[ing] a third party to the confessed judgment action," Docket No. 26, at 12 n.9. Plaintiffs admit, however, that "*Jordan* treated the case as a two party dispute," Reply at 7, and they have presented no reason to question this court's conclusion that plaintiffs' status as third parties to the confessed judgment proceedings "is irrelevant to the degree of state involvement in the alleged constitutional deprivations," Docket No. 26, at 12 n.9.

Fourth, plaintiffs argue that the Pennsylvania rules of civil procedure concerning confessed judgments for the possession of real property, cited by this court at pages 13 and 14 of the March 25 opinion, are irrelevant to the complaint because those rules "do not apply to confessed judgment claims for money." Reply at 7. This assertion leads me to believe that my prior opinion misread Paragraph 26 of plaintiffs' lengthy complaint, which does, in fact, refer to a confessed judgment for an amount of money, even though that judgment was to be enforced through the possession of real property. Plaintiffs' motion for reconsideration will therefore be granted in part insofar as this court's prior opinion (1) suggests that the confessed judgment action was brought directly against the properties in question, and (2) relies on the Pennsylvania rules concerning confessed

judgment actions for real property.

Nevertheless, both the legal analysis in the prior opinion and this court's conclusion that defendants were not state actors remain unaffected. Pennsylvania Rules of Civil Procedure 2958.1 and 2958.2, which govern notices of execution when a confessed judgment for money will be enforced against real property, mandate that the notice of execution be sent *prior to* either "the filing of the praecipe for a writ of execution," Pa. R. Civ. P. 2958.1, or "the sheriff's sale," *id.* 2958.2. Here, because plaintiffs allege that no writ of execution ever issued, *see* Compl. ¶ 320, and because Rule 2958.2 is used *after* such a writ is issued, *see* Pa. R. Civ. P. 2958.2 & 2965, the allegations of the complaint are only consistent with a notice of execution issued *prior to execution* pursuant to Rule 2958.1. But, as this court's prior opinion held, "the sending of pre-execution notice does not 'involve[] [the] immediate seizure or deprivation of property under force of law'" and therefore does not transform the defendants into state actors under the Third Circuit's opinion in *Jordan*. Docket No. 26, at 14 (quoting *Jordan*, 20 F.3d at 1266 n.17). Plaintiffs have presented no basis for reconsidering that conclusion, and this court will accordingly decline (1) to reconsider the dismissal of plaintiffs' federal constitutional claims, and (2) to grant plaintiffs' request for a hearing.[2]

---

[2] This court believed that a hearing would not be helpful to resolving the issues raised by defendants' motions to dismiss when it issued the March 25 opinion and order, and nothing in plaintiffs' briefing alters that belief. Plaintiffs argue that a hearing is mandated by Rule 12(I) of the Federal Rules of Civil Procedure, which states that "[i]f a party so moves, any defense listed in Rule 12(b)(1)-(7) – whether made in a pleading or

**AND NOW**, for the foregoing reasons, it is, this 11th day of June, 2010, hereby **ORDERED** that plaintiffs' Petition for a Judicial Hearing and Reconsideration (Docket No. 29) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that it seeks reconsideration of this court's factual conclusion that the confessed judgment actions in plaintiffs' complaint were actions for the possession of real property instead of confessed judgment actions for money that were to be enforced against real property, and this court's opinion dated March 25, 2010 (docket no. 26) is **VACATED IN PART** to the extent that it adopts that factual conclusion and cites to state rules of civil procedure governing confessed judgments against real property. The motion is otherwise denied, and this court's order dismissing plaintiffs' complaint (docket no. 27) is unaffected.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.

---

by motion – . . . must be heard and decided before trial unless the court orders a deferral until trial." This reference to a "hearing," however, is satisfied by receiving paper briefing from the parties. *See Crader v. Wal-Mart Stores, Inc.*, No. 09-cv-112, 2010 WL 1444876, at *1 (E.D. Mo. Apr. 12, 2010); *Kujawski v. Solis*, No. 07-cv-330, 2009 WL 1033315, at *2 (S.D. Ill. Apr. 17, 2009) (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986)); *see also* Local Rule 7.1(f) ("The court may dispose of a motion without oral argument."). I further note that plaintiffs' hearing request asks to "discuss the step-by-step procedural details of specific State and Federal programs so that the Court can make an independent *fact-based* due process assessment," Mot. at 2 (emphasis supplied), instead of testing the sufficiency of the allegations in plaintiffs' complaint, which is this court's task in deciding defendants' Rule 12(b)(6) motions.